UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rahmad Norman,<br><br>                        Plaintiff,<br><br>vs.<br><br>Commission of Public Works, Greenwood,<br><br>                        Defendants. | ) C/A No.: 8:13-732-TMC-BM<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Plaintiff, proceeding *pro se*, files this action *in forma pauperis* under 28 U.S.C. § 1915 against the Greenwood Commission of Public Works ("Defendant"), claiming he was injured on January 30, 2013 when he fell due to "a large amount of some type of fluid and what appeared to be mud mixed with it," which "caused [Plaintiff's] foot to twist very hard and caused severe pain...." Plaintiff indicates an ambulance was called by the police to assist him, and he was transported to Self Memorial Hospital where he was treated and released later that night. Plaintiff states he was told he hit his head because there was mud in his hair and on his face.

Plaintiff alleges he contacted the Defendant and filed an insurance claim. According to the Plaintiff, an insurance adjuster offered to settle the matter for $1000.00; however, Plaintiff rejected the offer. He states the Defendant told him they "would file a claim to assist with the cost of [Plaintiff] seeking treatment for the injuries...." Plaintiff's prayer for relief states in full: "My relief in this claim would be for the court to hold this company and its insurers responsible for the injuries,



distress, pain and suffering I have received on the behalf of their negligence and poor workmanship and to also order this company and its insurance company to compensate me in the amount of $132.00 and whatever else the court deems proper."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  Section§ 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989). Additionally, although this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case here.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Because federal courts have only limited



2

subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895). Further, under Fed R. Civ. P. 8(a)(1), every plaintiff bears the burden of offering in his pleading "a short and plain statement of the grounds upon which the court's jurisdiction depends...[.]" *See also Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988)["[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."] citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). Hence, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

Here, the complaint fails to allege facts that establish federal subject matter jurisdiction. To the extent Plaintiff's allegations can be construed to set forth a cause of action, they appear to be based in state law, and federal courts are generally allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

While Plaintiff's state law claims could be cognizable in this Court under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). However, the



complaint indicates that the parties to this action are all from South Carolina, and Plaintiff seeks only $132.00 in damages, so diversity of parties does not exist in this case. Accordingly, this Court has no diversity jurisdiction over this matter.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process because this Court lacks subject matter jurisdiction over the issues presented.

The plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

April 12, 2013
Charleston, South Carolina

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

